**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

PATRICK FEARY,
        Plaintiff,

vs.                                    No. CV 14-301 CG

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SSA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Patrick Feary's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in Support* ("Motion"), filed on May 20, 2015, (Doc. 22); Defendant's *Objection to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act* ("Response"), filed on May 29, 2015, (Doc. 23); and Mr. Feary's *Reply to Defendant's Response in Opposition to Plaintiff's Motion for Attorney Fees* ("Reply"), filed on June 10, 2015. (Doc. 24). Plaintiff seeks attorney's fees in the amount of $6,217.10 as authorized by the Equal Access to Justice Act ("EAJA"), pursuant to his successful litigation of this case. Defendant opposes the Motion on the basis that her position was substantially justified in defending against the action. Having reviewed the Motion, the Response, the Reply, and relevant law, the Court finds that Plaintiff's Motion is well-taken and should be **GRANTED**.

    **I.  Background**

On May 26, 2011, Mr. Feary filed an application for disability insurance and supplemental security income benefits, alleging disability beginning February 3, 2011. (Administrative Record ("AR") at 95–104). His application was denied on August 19, 2011, (AR 60–66), and also upon reconsideration on October 11, 2011, (AR 67–68). Mr.

Feary filed his request for a hearing on October 21, 2011, (AR 69–70); the hearing occurred on October 11, 2012 before Administrative Law Judge ("ALJ") Daniel Delgado. (AR 20–52). Mr. Feary and Craig Johnston, an impartial vocational expert, testified at the hearing. (*Id.*).

The ALJ issued his opinion on December 11, 2012, finding that Mr. Feary was not disabled. (AR 11–18). Mr. Feary filed an application for review by the Appeals Council, which was summarily denied, (AR 1–5), making the decision of the ALJ the final decision of the Commissioner of the Social Security Administration (the "Commissioner") for purposes of this appeal.

Thereafter, Mr. Feary appealed that decision to this Court, arguing that the ALJ committed reversible, legal error by: (i) failing to evaluate the medical opinions of Mr. Feary's's treating physicians pursuant to the proper standards; (ii) making an improper residual functional capacity ("RFC") finding; and (iii) improperly considering Mr. Feary's limitations resulting from his obesity. (Doc. 19 at 1). Because the Administrative Law Judge committed legal error when he discounted the medical opinion of one of Mr. Feary's physicians, pursuant to 42 U.S.C. § 405(g), the Court remanded the case to the Commissioner. (Docs. 20 & 21).

Mr. Feary now moves this Court for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). He argues that an award of fees and costs is appropriate because he is the prevailing party, his net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. (Doc. 22).

The Commissioner responds that Mr. Feary's request for fees and costs under

EAJA should be denied, because the Commissioner's position in this case was substantially justified. (Doc. 23). The Commissioner contends that given the facts of the case, it was reasonable for the Commissioner to defend the ALJ's decision. (*Id.* at 4–5). In Mr. Feary's Reply, he points out that the Court found that the Commissioner failed to properly evaluate a probative medical opinion in the record and therefore the Commissioner's position was not substantially justified, and that the Commissioner is merely attempting to re-litigate issues already decided by this Court. (Doc. 30 at 1).

**II. Analysis**

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to be substantially justified, the government's position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden*, 851 F.2d at 1267 (internal citations omitted).

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, No. 04-5059, 125 Fed. Appx.

913, 916 (10th Cir. Jan. 24, 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Hum. Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566 n.2). "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

In this case, the Court remanded the ALJ's decision because the ALJ failed to properly weigh one of the medical opinions in the record. Mr. Feary alleged that the ALJ committed several reversible errors at step four of the sequential analysis, including that the ALJ violated the treating physician rule because he did not properly consider the medical opinions of Lucio Martinez, M.D. (Doc. 15 at 13–15). He argued that the ALJ did not provide sufficiently specific reasons for discounting Dr. Martinez's medical opinion. (*Id.*). The Commissioner maintained the ALJ did not commit legal error because he properly accounted for all of the medical opinions in the record in making the RFC finding. (Doc. 17 at 8–16).

Mr. Feary contended that the ALJ erred by ignoring Dr. Martinez's assessment of her functional abilities dated August 23, 2011.[1] (AR 272–74). Dr. Martinez noted that Mr. Feary had diagnoses of rheumatoid arthritis and obesity since August 21, 2009. (AR 272). Dr. Martinez indicated that Mr. Feary had the following complaints: (i) pain and tenderness in his ankles, knees, hips, fingers, and wrists, and stiffness every morning in those joints; (ii) redness and warmth in all of his joints; (iii) swelling and occasional flares; and (iv) fatigue and occasional fever. (*Id.*). Dr. Martinez observed edema and swelling in Mr. Feary's fingers and toes, mild redness, contracture in his fingers, and difficulty with opposition in both thumbs due to pain and swelling. (*Id.*).

---

[1] Dr. Martinez completed an arthritic report form at the request of the Agency. (*Id.*).

4

Dr. Martinez opined that Mr. Feary had significant limitations in doing repetitive reaching, handling, and fingering, as well as significant limitations grasping, turning, and twisting objects, on both sides. (AR 273). Dr. Martinez noted that Mr. Feary had difficulty with everyday tasks, such as holding utensils, turning a door knob, buttoning and zipping, picking up a coin, and reaching with his arms. (*Id.*). He concluded that Mr. Feary could only stand or walk for a maximum of 20 minutes at a time, sit for four hours at a time, and must be permitted to change positions between sitting and standing during an eight-hour workday. (AR 273–74). Dr. Martinez further opined that Mr. Feary might not be able to work mornings due to his morning joint stiffness. (AR 274).

The ALJ ultimately determined that Mr. Feary had an RFC to engage in a reduced range of sedentary work. The ability to perform the full range of sedentary work requires the ability to lift ten pounds, walk or stand for a total of two hours of an eight-hour workday, and sit for a total of six hours of an eight-hour workday. 20 C.F.R. §§ 404.1567(a), 416.967(a); *see also* SSR 96-9p, 1996 WL 374185, at *3–4 (July 2, 1996). The ALJ additionally found that Mr. Feary had the capacity to reach, handle, and finger, but no more than frequently, and must be permitted to change between a sitting and standing position every 30 to 35 minutes.

The ALJ did not expressly address Dr. Martinez's opinion in his decision. However, the Commissioner maintained that the ALJ was not required to weigh Dr. Martinez's opinion because Dr. Martinez was not a treating source and his opinions were not supported by medical evidence in the record. This Court disagreed on the basis that an ALJ must discuss any uncontroverted evidence he chooses not to rely upon and significantly probative evidence that he rejects, in addition to the evidence supporting his

decision. *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). Here, Dr. Martinez's opinion directly contradicted the ALJ's RFC finding because Dr. Martinez assessed more stringent standing, walking, reaching, and manipulative limitations than were assigned by the ALJ. Moreover, the Court observed that had the ALJ adopted Dr. Martinez's opinion, the base for sedentary work would have been significantly eroded.

    The Commissioner also provided additional reasons for why Dr. Martinez's opinion could be ignored, such as that the opinion was unsupported by medical evidence in the record, was mostly based on Mr. Feary's subjective complaints which the ALJ found to be not credible, and was inconsistent with other substantial evidence in the record. The Court rejected these arguments, noting that it may only evaluate an ALJ's decision based solely on the reasons stated in the decision, and it is impermissible for the Court to engage in post hoc rationalization of the ALJ's decision. *Robinson*, 366 F.3d at 1084–85.

    The Court found that Mr. Feary successfully demonstrated that Dr. Martinez's opinion was significantly probative evidence and entirely ignored by the ALJ. *See Frantz v. Astrue*, 509 F.3d 1299, 1303 (10th Cir. 2007). The ALJ was required to explain why he implicitly rejected Dr. Martinez's opinion by not incorporating the myriad restrictions that Dr. Martinez assessed into the RFC finding. Because the ALJ failed to give any reasons why he discounted Dr. Martinez's opinion, the Court was unable to determine whether that evidence was considered in accordance with the Regulations. The Court remanded this case to allow the ALJ to explain his treatment of Mr. Martinez's medical opinion, and give sufficiently specific reasons for the weight that he afforded that opinion.

    The Commissioner argues that it was substantially justified in its position

6

defending this action on the basis that there was a disagreement over whether Dr. Martinez was Mr. Feary's treating physician. (Doc. 23 at 4). The Court addressed this factual contention in its earlier opinion, observing that the ALJ made no finding as to Dr. Martinez's treating relationship with Mr. Feary. This issue is of import because treating physician opinions are generally accorded more weight than those of non-treating physicians. The Court noted that on remand, both parties should be mindful to resolve any ambiguities regarding Dr. Martinez's treatment relationship of Mr. Feary. However, the Court found that it was ultimately the ALJ's responsibility to determine the extent of Dr. Martinez's treatment relationship with Mr. Feary, and then analyze Dr. Martinez's opinion pursuant to the appropriate standard.

The standard for whether a position is substantially justified is one of reasonableness. The Court finds that the Commissioner's defense of the ALJ's failure to weigh Dr. Martinez's medical opinion, as well as its misrepresentation of the ALJ's reasons for discounting that opinion, was not reasonable. Further, the mere fact that the Court acknowledged that there was some factual dispute over the treatment relationship between Dr. Martinez and Mr. Feary, is not enough to show that the Commissioner's position was substantially justified. The Court merely pointed out that the ALJ entirely ignored Dr. Martinez's opinion and failed to address the treatment relationship, and must do so on remand.

Therefore, based on these critiques of the ALJ's analysis of the medical evidence, this Court finds that the Commissioner has not shown that her position at the administrative level and in defending the ALJ's decision was substantially justified. *Groberg v. Astrue*, No. 11-4173, 505 Fed. Appx. 763, 768–69 (10th Cir. Dec. 14, 2012)

(unpublished) (upholding district court's finding that Commissioner's position in favor of the ALJ's decision was not substantially justified when ALJ rejected medical opinions for unsupportable reasons in favor of his own opinion).

### III. Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in its position in the underlying agency action and the subsequent litigation. Accordingly, Mr. Feary is entitled to award of attorney's fees under EAJA.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in Support* ("Motion"), (Doc. 22), be **GRANTED** and that attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $6,217.10. *See Astrue v. Ratliff*, 130 S. Ct. 2521 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE